***E-FILED 12/1/9/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALASSIS COMMUNICATIONS, INC., | NO. C 08-80217 JF (RS) |
| Plaintiff, | **ORDER DENYING MOTION TO QUASH AND GRANTING MOTION TO COMPEL** |
| v. | |
| NEWS AMERICA INCORPORATED, et al., | |
| Defendant. | |

## I. INTRODUCTION

Defendant News America Incorporated ("News") served a subpoena *duces tecum* for documents on non-party Coupons, Inc. ("Coupons"). Coupons objected to the subpoena and presently moves to quash it. In response, News filed a corresponding motion to compel compliance with the subpoena.[1] Coupons competes directly with News in the online selling of printable coupons. News currently is involved in antitrust litigation in Michigan with Valassis Communications, Inc. ("Valassis") for alleged violations of the Sherman Act and various state competition statutes. Valassis owns a significant portion of Coupons. For the reasons stated below, the motion to quash will be denied, and the motion to compel will be granted.

---

[1] News also sought to depose Coupons' person most knowledgeable on various topics. At the hearing, however, News represented that it was withdrawing its request for a deposition. Coupons' argument regarding the validity of the deposition subpoena, therefore, is moot.

1

## II. DISCUSSION

News' subpoena seeks production of documents sufficient to show: (1) the portfolio of advertising, marketing and promotional products and services offered to Coupons' customers for each year since 2004[2] (document request number one); (2) Coupons' customers for each product or service in each year (document request number two); (3) Coupons' annual revenue from each product or service (document request number three); (4) actual or proposed agreements, joint ventures, or other alliances between Coupons and Valassis (document request number five); and (5) the identity of Coupons' competitors, or those considered to be competitors (document request number six).

A.  Confidentiality

A court may quash a subpoena to protect a party from disclosing a trade secret or other confidential information. Fed. R. Civ. P. 45(c)(3). Coupons maintains that the protective order will not shield sufficiently its proprietary information from News. Coupons asserts that News is a direct competitor and that the subpoena seeks its trade secrets and other confidential and proprietary information, including identification of its customers and cost structures. Coupons notes that it undertakes extensive efforts to maintain the secrecy of just the sort of information sought by News.

While Coupons understandably harbors concerns regarding the disclosure of its competitively sensitive information, protective orders such as that in place in this action routinely strike the balance between the protection against improper use of confidential information and the need to exchange relevant materials. Coupons may utilize the "outside counsel only" designation under the protective order whereby its competitor will be walled-off from improper use of any documents produced. Such regularly invoked procedures are generally viewed as adequate to address competitive concerns and Coupons suggests no reason why the requested information here is of some confidential magnitude beyond that implicated in other business litigation. The fact that related state court litigation is underway between the parties in this action, in which the requested documents may also be in play, does not change the equation.

---

[2] News originally sought documents back to 2000, but has modified that request to seek materials from January 1, 2004 to the present.

B.   Relevance

Having determined that Coupons presents no reason to forestall production entirely on confidentiality grounds, the next question is: are the requested documents likely to lead to the discovery of relevant, admissible evidence? Parties may obtain discovery of any nonprivileged matter that is relevant to any party's claims or defenses, or "for good cause," discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Coupons argues that News has not demonstrated the relevance of the documents requested, but, in fact, News has shown that the document requests seek materials that go to such central issues as product market definition. The requests are sufficiently limited in scope and are focused on issues directly implicated in this antitrust action.

C.   Documents Available From Other Sources

Coupons contends that the documents News seeks, even if relevant, must be sought first from other sources rather than from a third-party competitor. In particular, Coupons points out that agreements between it and Valassis should be in that named party's possession. A court has *discretion* to limit discovery if it is obtainable from a more convenient source. Fed. R. Civ. P. 26(b)(2). While the information News seeks may indeed be in the possession of Valassis, the plaintiff in the underlying litigation, the Federal Rules of Civil Procedure do not preclude this request on that basis alone. Determining whether materials are available from some other source is just one factor to be considered and is not determinative on a motion to compel. Considering that the materials sought are relevant to the underlying litigation, and that production of any agreements will presumably be in a limited, manageable, amount, Coupons must produce the materials sought.

D.   Timing of the Subpoena

Coupons argues that because News served the subpoena a month before the close of discovery and required production within seven days suggests some type of improper ulterior motive and unfairly burdens a third-party to the litigation. The simple fact that the document requests were made relatively late in the discovery process, however, does not warrant unsupported speculation of some improper purpose. Moreover, several weeks have elapsed since News served its request, and therefore any argument that the initial period for response was unduly short no longer applies.

E.   Reimbursement of Costs for Complying

Coupons seeks reimbursement for the costs involved in producing the requested materials should News' motion to compel be granted. An order to compel shall protect any non-party from significant expense resulting from the inspection and copying required. Fed. R. Civ. P. 45(c)(1). Although a party must generally bear the burden of discovery costs, a non-party is "powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982). In determining whether to award costs to a non-party, the court considers the scope and invasive nature of the request, the need to separate privileged material, the non-party's financial interest in the litigation, the relative resources of the party and the non-party, and the reasonableness of the costs sought. *Tessera, Inc. v. Micron Tech., Inc.*, No. C06-80024MISC-JW(PVT), 2006 WL 733498, at *10 (N.D. Cal. Mar. 22, 2006). Coupons maintains that complying with News' subpoena will cost more than $100,000 to restore and process its electronic documents. Once the electronic documents are in place, they would need to be searched and an attorney would need to review them for relevance and privilege. While not making any determination at this juncture on the reasonableness of that estimate, News will be required to reimburse Coupons for the *reasonable* costs it entails in identifying and producing the requested materials. It is the Court's expectation that the parties will be able to resolve the reasonable cost calculation without further motion practice.

## III. CONCLUSION

Accordingly, Coupons' motion to quash is denied and News' motion to compel is granted. Coupons shall produce the requested documents within twenty days of the date of this order. In complying with the document requests, Coupons need only produce documents from January 1, 2004 to the present. News shall reimburse Coupons for the reasonable costs incurred in identifying and producing documents in response to the subpoena.

4

1  IT IS SO ORDERED.

3  Dated: December 19, 2008

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

J. Christopher Mitchell     jcmitchell@hhlaw.com

June Tsu-Ain Tai     jtai@fbm.com, calendar@fbm.com, dlynch@fbm.com

Neil A. Goteiner     ngoteiner@fbm.com, calendar@fbm.com, karentsen@fbm.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated:**                                                      **Richard Wieking, Clerk**

                                                                **By:**     **Chambers**

ORDER DENYING MOTION TO QUASH AND GRANTING MOTION TO COMPEL
C 08-80217 JF (RS)